IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROZANNE KINGSTON, DANIEL BRASHEAR
O/B/O/ CRUZ KINGSTON
    Petitioner's

V.

DIRECTOR, MARYLAND DEPARTMENT
OF HEALTH AND HUMAN SERVICES,
LOURDES PADILLA, Individually and in her
Official capacity.
DIRECTOR PRINCE GEORGE'S COUNTY
 DEPARTMENT OF SOCIAL SERVICES       civil action No.
GLORIA BROWN-BURNETT,,Individually
And In her official capacity,       Civil Rights
**805 Brightseat Rd.  Landover, Md. 20785 ,**
DSS AGENT MARY PAYTON,      DEMAND FOR JURY TRIAL
DSS AGENT SHARA HAYDEN
**805 Brightseat Rd.  Landover, Md. 20785**
DSS SUPERVISOR THOMAS WEIMER,
**805 Brightseat Rd.  Landover, Md. 20785**
DIRECTOR PRINCE GEORGE'S COUNTY
ATTORNEY'S JARED MCCARTHY, and
LAURIE WILKERSON, Individually and
In Their official capacity
**14741 Governor Oden Bowie Dr,**
**Upper Marlboro, Md. 29772,**

    Et.al. Respondants
_____/

## PLAINTIFF'S   42 U.S.C §1983  ACTION

    Petitioner Rozanne Kingston (Hereinafter "Rozanne") respectfully submits this Petition on behalf of her daughter Cruz Kingston (Hereinafter "Cruz" under the authority of 42 U.S.C.§ 1983-1986, the fourth, 5th, 9th, and 14th Amendments to the Federal Constition

I.
PRELIMINARY STATEMENT

2. The claims arise from a July 27th, 2016 incident in which Officers of the
Maryland Department of Health and Human Services, acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest and false imprisonment, bodily

mutilation, severe and ongoing mental and emotional distress, denial of freedom of association, and such other grounds as stated herein

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

JURISDICTION

4.. The amount in controversy exceeds $75,QOO:OO excluding interest and costs.

**JURISDICTION AND VENUE**

1. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the c violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 (3) and (4).based on 42 U.S.C. §1983

and the questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

2. Venue properly lies in this District pursuant U.S.C. Section 1391(b)(2) because both Petitioners are residents of the State of Texas, City of Houston which is included in this Court's Jurisdiction .

**JURISDICTION AND VENUE**

This Court has jurisdiction over this action under 28 U.S.C. 1331 AND 1343 The matter in controversy arise under 42 U.S.C. §1983 and to determine questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367

Venue is laid within the United States District Court for the Southern District of Texas in that Plaintiff is a lifelong resident of Houston Texas

**THE PARTIES**

**PLAINTIFF'S**

The Plaintiff in this case Cruz Kingston is an juvenile, and the Petitioner is her Mother Rozanne Kingston.. Both women are lifelong residents of Houston Texas.   In July 2016 Cruz was illegally seized and held for thirty days incommunicado, subjected to mental, physical and emotional distress.by the Defendant as stated herein this Complaint. Because Cruz is a minor, Ms. Kingston as the Parent has the constitutional right to exercise her child's and her own constitutional protections. Cruz kingston is entitled to assert her civil rights and.Rozanne kingston may assert cruz's rights before this Court.  see **Vernonia School District** 47J v. Acton, 132 L.Ed.2d 564, 115 S.Ct. 2386 (1995) " children do not have many of the rights accorded citizens, and in lack

thereof, parents and guardians possess and exercise those rights and authorities in the child's best interest" **Chrissy v. Mississippi Dept. of Public Welfare,** (5th Cir. 1991) Parents may assert their children's Fourth Amendment claim on behalf of their children as well as asserting their own Fourteenth Amendment claim.

Ms. Kingston is asserting her and hers daughter's rights under Title 42 United States Code Section 1983 states that citizens can sue in federal courts any person who acting under a color of law to deprive the citizens of their civil rights under the pretext of a regulation of a state,

### DEFENDANTS

Defendant MARYLAND DEPARTMENT OF HEALTH AND HUMAN SERVICES is a municipal entity with the capacity to sue and be sued The departments of and its departments and agencies are municipal corporations organized under the laws of the State of Maryland

At all times relevant hereto, Defendant(s), acting through the Prince George's County Department of Social Services (or "DSS/CPS"), was responsible for the policy, practice, supervision, implementation, and conduct of all DHHS matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DHHS/DSS/CPS personnel. In addition, at all times here relevant, Defendant was responsible for enforcing the rules of the DHHS/DSS/CPS, and for ensuring that the DHHS/DSS/CPS personnel obey the laws of the United States and the State of Maryland.

Defendant DSS) is a municipal entity with the capacity to sue and be sued. It is a Charter City under the laws of the State of Maryland. The departments of the Maryland Department of Health and Human Services, and the Prince George's County Department of Social services include Child protective Services in its departments and agencies. Employees of the DSS/CPS have engaged in the acts complained of herein pursuant to the policies, practices and customs of the DHHS.

Defendant LOURDES PADILLA, is the DIRECTOR, MARYLAND DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant Gloria Brown-Burnett At all times relevant hereto, Defendant(s), acting through the Prince George's County Department of Social Services (or "DSS/CPS"), was responsible for the policy, practice, supervision, implementation, and conduct of all DHHS matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DHHS/DSS/CPS personnel.

In addition, at all times here relevant, Defendant was responsible for enforcing the rules of the DHHS/DSS/CPS, and for ensuring that the DHHS/DSS/CPS personnel obey the laws of the United States and the State of Maryland. She further negligently failed to insure that her subordinate Defendants was adequately trained for her job to the required federal standards of. 42 USC § 5106a (b)(2)(A)(xix) Keeping Children and Families Safe Act of 2003:stated herein,

Defendant CPS SUPERVISOR THOMAS WEIMER is a supervisors in the Child Protective Services section of the Prince George's county DSS.. He is an individual employee of Defendant DSS who were on site and oversaw and failed to intercede in the unlawful entry, search, seizure and detention of Plaintiff's Cruze kingston and Plaintiff Texas Dorai under a claim of child neglect.

Defendant DSS AGENT MARY PAYTON, is an investigator in the Child Protective Services section of the Prince George's county DSS.. She is an individual employee of Defendant DSS who instigated several unlawful unlawful entry's, search, seizure and detention of Plaintiff's Cruze kingston and Plaintiff Texas Dorai under a claim of child neglect.

Defendant DSS AGENT SHARA HAYDEN is and was at all times herein mentioned a social worker with Defendant DSS They are the individual employees of Defendant who as the assigned case manager for Plainff Texas Dorai .

Defendant LAURENTIA LEWIS

Defendant JARED MCCARTHY, PRINCE GEORGE'S COUNTY ATTORNEY'S are all supervisors in the Los Angeles Police Department and presently assigned to Central Division. They are the individual employees of Defendant CITY who were on site and directed the unlawful seizure and destruction of Plaintiffs' property and directed the false arrest of certain of the Plaintiffs on a misdemeanor crime of possession of stolen shopping carts.

Defendant LAURIE WILKERSON, is and was at all times mentioned herein a licensed, practicing Attorney and the individual employee with the Office of Law for Prince George's County. In this capacity she acquired, presented, effectively prosecuted the case for the illegal seizure and retention of the Plaintiff on behalf of the County DSS.

The identities and capacities of defendants DOES 1 through 10 are presently unknown to plaintiffs, and on this basis, Plaintiffs sue these defendants by fictitious names. Plaintiffs will amend the Complaint to substitute the true names and capacities of the DOE defendants when ascertained. Plaintiffs are informed, believe, and thereon allege that DOES 1 through 10 are, and were at all times relevant herein, employees and/or agents of the Defendant Prince George's Police and are responsible for the acts and omissions complained of herein. Defendants DOES 1 through 4 are sued in both their official and individual capacities.

At all times here mentioned defendants were acting under color of state law, to wit, under color pf the statutes, ordinances, regulations, policies, customs and usages of the DHHS and the laws of the State of Maryland

## FACTS

On July 27th, 2016, Cruz Kingston was enjoying a camping vacation with her Sister Anne, her nephew Texas, and Anne's business associate Daniel Brashear over the summer
Upon Anne's return to the area from her Houston home with Cruz,. Anne stated she was interested in traveling around and showing Cruz who had never been out of Houston the sites.

Brashear converted one of his organizations vans into a camper with microwave, refrigerator, futon, air conditioning, color TV and VCR. Sanitary facilities and electricity were available through the campsites and the property owner's house with her consent.

Brashear visited two of his veterans and was assisting a 70 year old military widow Joan Kracko, with dementia on her 50 acre farm in southern Prince Georges County to clean up the property, and assist her with getting social services benefits put into place.

__Note__

Brashear is the Director of a Veterans Support Agency, (Southern Maryland Veteran's Association) and had two other former residents of his veterans shelter also living on the property where the agency had helped them locate.

Ms. Moreland serves as a housing Development Director for the Veterans and frequently travels to potential sites to evaluate their service potential and has performed this function since October 0f 2015. Ms. . Moreland unexpectedly passed on March 11th, 2018 in Houston

__End Note__

The second day on the property July 19th, 2016, a former associate of Brashear, Paula Stevens[1] approached Brashear and stated Brashear was using her electricity without her permission. and stated Brashear would either have to unplug it or pay for it. It was unplugged. Unknown to Brashear at the time each of the buildings on the property were wired separately and paid by separate tenants. The cord was unplugged and plugged into Kratco's house with her permission

Not satisfied, Stevenson made two separate after the fact complaints to Prince George's County police officer's regarding the "theft" of her electricity. (Officer's Miller, Badge # 3785 and Williams, Badge # 3837). Steven's real intent was displayed when she repeatedly tried to persuade both sets of responding officers to force Brashear off the property, Krakow informed the Officer's Brashear did not have to leave, she wanted Stevens off the property. The incident was reported in PP1607190002115

The Officer's noted the cord had been unplugged and left the property after talking with Brashear. Irate with the police response to not forcing Brashear from the property, Stevenson publicly stated her goal was to "get Dan off the property **anyway she could** " and enlisted the help of at least one other resident of the property. She was observed coaching two other residents what to say to police when they called.

__Note__

Brashear had dealt with Stevens in several matters prior to his entering the property as a result of Brashear's Veteran's Organization.

1. Stevens had been offered part in a venture the year before, to establish a spot in the Veterans Flea market on Brashear's Veteran's shelter property, Stevens was upset that it fell through

and blamed Brashear for what she considered as Brashear misleading her. She also blamed Brashear for not helping a veteran she knew with medical assistance when the veteran never responded to Brashear's statement to come over to the shelter and see what Brashear could do for him. Stevens had made known that her goal was to get Brashear off the property because she didn't like him, and she felt Brashear's relationship with the owner was a threat since the Owner had repeatedly stated she wanted Stevens off the property.

__End Note__.

While Brashear was working, the children played on the farm, visited the local library for kiddy programming, and visited several tourist sites. Moreland and Cruz also assisted Ms. Kratko with cleaning and cooking and basic day to day needs, as Moreland attempted to get her other social services benefits.

Stevenson made several calls to CPS, (Child Protective Services) in Prince George's County, Under Maryland Law,

CPS is required to investigate all allegations of child abuse or neglect, (a policy Stevens was aware of and deliberately used).

Brashear was in violation of his Parole, that the children were unsupervised, out late at night alone, that 2 and a half year old Texas almost got trampled in front of a Prince Georges Officer on July 20th, , that the camper was dirty, unsanitary, and a host of other complaints addressed herein (see Exhibit  )

Around July 22nd or 23rd, Moreland and Brashear arrived late back at the farm and were informed that the police **and an ambulance** were on the farm earlier looking for Texas. (The Agents gave two contradictory statements about knowledge of Cruz being on the location)  The Agents apparently returned on the 25th, as Moreland and Brashear were again informed the police and a social worker had been back on the property. At no point did Peyton leave notification of her visit or her interest in A consensual interview with Moreland or Brashear, wherein a mutually agreed upon meeting time could have been arranged,  or to have an attorney present or consent to viewing of the children..

On  evening of July 25th, 2016  Brashear Called Prince George's Police Dispatcher  to discover why they were on the property looking for Texas Dorai with a CPS agent earlier that day.  He requested officers come back out and inspect the situation. Two officers arrived, (Officer's Wutka Badge #3463 and Thomas, Badge # 2637) inspected the site, questioned Brashear, and Moreland, viewed Texas and Cruz, and stated they did not find any evidence of abuse or neglect action and stated that it was "a nice way to go camping" and shaking Texas's hand before leaving.. Although no report is recorded with the Prince George's Police Department the investigation was assigned case number PP1607250000-1699

On the morning of 28 July 2016, Defendant  Payton and Defendant Weimer again returned without a warrant after warning by the property owner onto private property, with two police officers  and Defendant Weimer at approximately 8:00 in the morning,  and *stated she was there*

*to pick up the children*. Indicating the decision to seize Texas had already been made and Moreland could not object.

Brashear asked what the grounds were for her to take the children, and was told they would be disclosed at a "meeting" scheduled at DSS the next morning. Parents have a constitutional right under the due process clause to be informed of the accusations against them involving their children *prior to the seizing of the children* under Due Process to gather evidence in support of their defense.

Brashear replied that there were no grounds for her to take the children and he would pursue legal action.

Peyton retaliated by reporting Brashear in her CPS report that Brashear became "belligerent" towards her when he told her to step back as she tried to enter and photograph the interior of Brashear's van. And submitted false statements in he report falsely accusing Brashear of being a pedophile.

Moreland after trying to discover why the children were being taken, asked Payton what she had to do to keep the children.. She made clear that the children were camping, and that she both had the means and willingness to do what she had to including remove the children into a house or hotel if necessary. Payton refused to say what her grounds were. And re-stated "she was taking the children"

__Note__
This was an abuse of discretion and and an abuse of authority on Payton's part.
A parent has the right to know why the government is seizing her children and her family.
__End Note_

At Agent Payton's demand the children were dressed, Moreland advised the Agent of Texas's medication regimen, and certain stressor conditions that needed to be avoided in regards to Texas having Addison's disease.

At no point did Defendant Weimer exercise supervisor oversite to prevent the ongoing unconstitutional and illegal acts of Defendant Payton and actively assisted her in furthering these actions.

Defendant Peyton made 34 statements that were knowingly and deliberately false, perjurous, prejudicial, or outside of her personal knowledge, or expertise to testify to her illegal seizure of the children. The children were committed to shelter care ***based solely on the false evidence and testimony of Agent Payton.***

Defendant Payton during the period that she was held subjected Cruz to psychological "interrogation" by repeatedly "questioning" her about the care she received from Brashear and Moreland, and attempting to coerce her into stating false facts to acquire damaging evidence which the child repeatedly stated wasn't the case.

In later testimony Cruz would testify that all of Peyton's allegations were false, She and Texas had never been left alone, Brashear and Moreland took very good care of her and Texas, **see statement of Cruz Kingston, infra**

__End Note__

Defendant DSS compelled Plaintiff Moreland and Brashear to attend a state mandated "FIM" meeting intended as a policy to discuss ways of keeping a family together and address issues concerning the families. Plaintiff Kingston was required to "attend" by telephone in the presence of Brashear and Moreland which she objected to doing for privacy reasons.

__Note__
Both Cruz and Anne's Son Texas where given separate CINA case Numbers,

__End Note__

Defendant's Payton, Hayden, Wilkerson, and other John Doe Defendant's made sure Cruz was unavailable for the initial shelter hearing at which point her testimony would in all likelihood have ended the process.

However, Defendant's deliberately secreted Cruz from Rozanne for thirty days and allowed her no communication, visitation or contact with her daughter, although none of the allegations of neglect were against Rozanne Kingston. She was held as a virtual prisoner, constantly watched, and corrected by the "foster parents"

After taking illegal custody of Cruz Kingston and without so much as consulting, notifying, or obtaining the permission or consent of Rozanne Kingston, the Agents of the DSS arbitrarily and capriciously clipped Cruz Kingston hair she had never had cut, and had false "hair weaves" implanted.

__Note__
Apparently a CPS "down and dirty solution" to Cruz's "severely matted hair" which apparently the foster parents had no more luck detangling than Moreland did. The difference is that the Foster parents as agents of the State and associated with the Defendants, were not accused of neglect in failing to detangle Cruz's hair, Moreland was.

__End Note__

Defendant's appointed (under Maryland statutory authority) Defendant Ransome as Cruz's Counsel. Ransome failed miserably to act on Cruz's behalf, and sided fully with the DSS Defendant's in retaining illegal custody of Cruz by the agency.

Defendant's closed out Cruz's case and released her into the custody of Plaintiff Kingston. Defendant's withheld Texas Dorai under an invalid CINA authority and forced the separation of

the siblings causing Cruz (and Texas) extreme emotional disturbance that is still prevalent to this day.

Kingston was released into her Mother's custody of August 26th, 2016 in accord with Maryland's policy of shelter care not being extended past thirty days ( "unless for good cause shown)

At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow Defendant's against plaintiff.

Defendant's Wilkerson and Ransome, deliberately knowing and intentionally sought out and presented false, material evidence in closed door proceedings suggesting that the actions of the Investigator were both legitimite and legal (effectively suborning perjury), and disparaging Plaintiff Kingston's sister and mother to retain their ill gotten custody in violation of Kingston's right to due process

During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:
a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;
b. Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;
c. Violation of their Maryland Constitutional to be free from an unreasonable search and seizure;
d. Violation of their Maryland Constitutional rights to due process;
e. Physical pain and suffering;
f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;
g. Loss of liberty
h. Violation of the UCCJEA and Kingston's Due process rights by retaining Kingston in Maryland custody despite the State Court's of Texas having jurisdiction over the Plaintiff

### CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

The above paragraphs are here incorporated by reference.
The DHHS/CPS/DSS is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to

continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

The Defendant's have been alerted to the regular use of false evidence and process to illegally seize custody of children without probable cause or based on false allegations of probable cause, but has nevertheless exhibited deliberate indifference to these practices by its agents; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

50. The aforesaid event was not an isolated incident. The DHHS has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civil and judicial rulings suppressing evidence and finding Defendant's credible as a matter of law, that a disturbing number of their investigators use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.

Nevertheless, the DHHS has allowed policies and practices that allow the aforementioned to persist and continued to pursue further actions to keep on-going custody of the seized children obtained as a result of the illegal actions to obtain custody of them

## CAUSE OF ACTION
## (MUNICIPAL AND SUPERVISORY LIABILITY)

The above paragraphs are here incorporated by reference.

The Prince George's County office of Law is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

The Defendant's have been alerted to the regular use of false evidence and process to illegally seize custody of children without probable cause or based on false allegations of probable cause, false evidence knowingly obtained and used by it's Agent Defendant Wilkerson, and has nevertheless exhibited deliberate indifference to these practices by its agents; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

50. The aforesaid event was not an isolated incident. The DHHS has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civil and judicial rulings suppressing evidence and finding Defendant's credible as a matter of law, , perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.

Nevertheless, the Office of Law has allowed policies and practices that allow the aforementioned to persist and continued to pursue further actions to keep on-going custody of the seized children obtained as a result of the illegal actions to obtain custody of them

## CAUSE OF ACTION
## Violation of Civil Rights: 42 U.S.C. 1983,
## Fourteenth Amendment

The preceding paragraphs are here incorporated by reference.

Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

Defendants' conduct also deprived plaintiffs of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

Defendants falsely seized plaintiff and failed to intervene m each other's obviously illegal actions.

Plaintiff has been damaged as a result of defendants' wrongful acts.

Defendant Payton and Weimer violated Plaintiff Kingston's Fourth and Fourteenth Amendment rights by conducting several warrantless intrusions onto private property without probable cause, consent or existing exigent circumstances.under color of state law

## CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourth & Fourteenth Amendment Illegal Seizure

The preceding paragraphs are here incorporated by reference.

Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

Defendant's Payton and Weimer violated Plaintiff Cruz Kingston's Fourth and Fourteenth Amendment rights by seizing Kingston without a warrant, probable cause or exigent circumstance under color of state law

## CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983, 1986
### Fourteenth Amendment Conspiracy

Defendant's Peyton, Hayden, and Wilkerson subsequently engaged in a conspiracy to violate the Uniform child custody Jurisdiction Enforcement Act by Petitioning the Maryland Court's for Cruz to be declared a child in need of Assistance and a request for shelter care in the Maryland Courts, although the child were knowingly citizen's of the State of Texas.

## .CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment USC 42. 1985 conspiracy to violate
### The UCCJEA

Defendant's Payton, Hayden, and Wilkerson conspired to violate the UCCJEA by failing to notify the Texas authorities of their seizure of Cruz Kingston so that the State of Texas could assume "home State" jurisdiction of Texas as a Texas Resident

### CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment conspiracy to violate first amendment

From July 28th, 2016 to August 28th, 2016 Defendant's Payton, Hayden, and Wilkerson deliberately and intentionally engaged in a conspiracy to violate Cruz Kingston and Rozanne Kingston's first amendment right to freedom of association with each other. Intentionally and purposefully inflicting mental and emotional distress on both Plaintiff's

### CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment conspiracy to violate first amendment

From July 28th, 2016 July 28th, 2016 to August 28th, 2016 Defendant's Hayden, and Wilkerson have deliberately and intentionally engaged in a conspiracy to violate Cruz Kingston and Juanita Kingston's first amendment right to freedom association with each other. Intentionally and purposefully inflicting mental and emotional distress on both parties.

### CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment conspiracy to violate first amendment

From July 28th, 2016 to August 28th, 2016 to the present Defendant's Hayden, and Wilkerson have deliberately and intentionally engaged in a conspiracy to violate Crus Kingston and Ryan Roath's first amendment right to freedom of association with each other. Intentionally and purposefully inflicting mental and emotional distress on both Parties

### CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment conspiracy to violate first amendment

From July 28th, 2016 to August 28th, 2016 to the present Defendant's Hayden, and Wilkerson have deliberately and intentionally engaged in a conspiracy to violate Cruz Kingston and Zachary Kingston's first amendment right to freedom association with each other. Intentionally and purposefully inflicting mental and emotional distress on both parties.

### CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment conspiracy to violate first amendment

From July 28th, 2016 to August 28th, 2016 Defendant's Hayden, and Wilkerson have deliberately and intentionally engaged in a conspiracy to violate Cruz Kingston and William Niblo's first amendment right to freedom association with each other. Intentionally and purposefully inflicting mental and emotional distress on both Parties.

### CAUSE OF ACTION

### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment conspiracy to violate first amendment

From July 28th, 2016 to August 26th, 2016 Defendant's Hayden, and Wilkerson have deliberately and intentionally engaged in a conspiracy to violate Cruz Kingston and Anne Moreland's first amendment right to freedom association with each other. Intentionally and purposefully inflicting mental and emotional distress on both Parties.

### CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. 1983,
### Fourteenth Amendment UNLAWFUL CONFINEMENT

From July 28th, 2016 to August 28th, 2016 Defendant's Hayden, and Wilkerson have deliberately and intentionally engaged in a conspiracy to violate Cruz Kingston's right to be free from illegal/unlawful confinement. Intentionally and purposefully inflicting mental and emotional distress on Cruz Kingston

### CONCLUSION:

   a. The Respondents illegally seized Cruz Kingston from her home in violation of her civil rights under the Fourth and Fourteenth Amendments.
   b. The seizure of Cruz Kingston from her home without a warrant was illegal, CPS therefore did not have legal authority to
      1) remove the child,
2) to petition the Maryland Courts for Cruz's custody and
3) continued detention
   c. The Respondant negligently failed to pursue the required investigation of the facts at issue prior to making the decision to remove the child from her sister's custody in violation of the probable cause requirement of the Fourth Amendment
   d. There is no evidence to conclude that the environment in which Cruz Kingston was staying on July 27th, 2016 was either harmful to Cruz or neglectful to meet the standards of exigent circumstances to merit his removal by the Respondents.
   e. Respondents knowingly and intelligently chose to use false evidence and testimony before the State Juvenile Court to illegally obtain continuing custody of Cruz Kingston
   f. The findings of the Juvenile Court to continue the illegal detention of Cruz Kingston appears to be based solely on the Respondent's false statements violative of the Plaintiff's right to due Process under the Fifth and Fourteenth Amendments.
   g. The Respondents have violated Cruz Kingston's, health and violating her right to be secure in her person.
   h. That Respondents have and continue to violate Petitioners and Texas's right to association with each other.
   i. The Respondents seizure of Cruz Kingston was both illegal and unconstitutional. Under both federal and state law.
   j. The actions of the Respondents violated Cruz Kingston's federal and State Constitutional rights.

k. The actions of the Respondent's have caused Cruz Kingston to suffer and to continue to suffer irreparable mental/emotional distress,

RELIEF REQUESTED

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

Plaintiff seeks monetary damages (special, compensatory, and punitive) against all defendants, In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

A. Awarding plaintiffs punitive damages in an amount to be determined by a jury;
B. The Plaintiff seeks compensatory damages in an amount to be determined by a jury
C. The Plaintiff seeks special damages in the amount to be determined by a jury
D. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and
E. The Plaintiff seeks leave to freely amend this Petition as necessary.
F. The Plaintiff seeks such other and further relief as the Court may deem just and proper

JURY DEMAND Plaintiffs demand a trial by jury on all issues triable by jury.

Respectfully Submitted

*Rosanne Kingston*

Plaintiff Pro se ObO Cruz Kingston
6850 Leader Street
Houston, Tx. 77008

*Daniel J. Brashear*

Plaintiff Pro se ObO Cruz Kingston
3602 Osborne Court
Waldorf, Md. 20602