IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROZANNE KINGSTON and. DANIEL BRASHEAR, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1088 |
| MARYLAND DEPARTMENT OF HEALTH & HUMAN SERVICES, *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER**

Rozanne Kingston and Daniel Brashear, representing themselves, sued the Maryland Department of Health and Human Services and Maryland government officials for the allegedly illegal arrest of Kingston's son in 2016. (Docket Entry No. 1). Brashear does not allege what his connection to Kingston's son is, or why he is permitted to appear on behalf of Kingston's son. (*See id.*). The plaintiffs allege that venue is proper in this district because one of the plaintiffs—it is unclear whether Kingston or Brashear—"is a lifelong resident of Houston[,] Texas." (*Id.* at 2).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer lies within the court's discretion. *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012). The general venue provision, 28 U.S.C. § 1391(b), states that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a).

The complaint shows that a transfer of the case to Maryland under 28 U.S.C. § 1406(a) is appropriate. The complaint does not allege facts showing that the Southern District of Texas is a proper venue for the litigation under § 1391. None of the defendants is alleged to be a resident of the Southern District of Texas. The alleged events did not occur in Texas. All the defendants appear to be residents of, or entities in, Maryland, and the complaint alleges that the events at issue took place in Maryland.[1]  (Docket Entry No. 1 at 3–9).

The court orders the parties to file written statements, each no longer than 5 pages, by **August 12, 2019**, to show cause why the case should not be transferred to the U.S. District Court for the District of Maryland. The court will hear the issue at the conference set for **August 27, 2019, at 3:30 p.m**.

Because the initial conference was reset, the plaintiffs' motion for a continuance is denied. (Docket Entry No. 4).

SIGNED on July 16, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] The complaint also includes a heading, "IN THE DISTRICT COURT FOR THE DISTRICT OF MARYLAND," suggesting that the plaintiffs themselves may believe that Maryland is a proper venue for this litigation. (*See* Docket Entry No. 1 at 1).